**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

AMANDA DULLINGER and )
STEPHEN DULLINGER, )
　 )
　Plaintiffs, )
　 )
　v. ) C.A. No. N15C-04-281 ASB
　 )
AMERICAN HONDA MOTOR CO., )
et al., )
　 )
　Defendants. )
　 )

Submitted: May 11, 2017
Decided: June 14, 2017

*Upon Defendant Pneumo Abex LLC's*
*Motion for Summary Judgment*. **GRANTED**.

## **ORDER**

Plaintiffs, Amanda Dullinger and Stephen Dullinger (collectively "Plaintiffs") claims cannot survive the summary judgment criteria.[1]

Plaintiffs claim that Ms. Dullinger was secondarily exposed to Defendant Abex LLC's ("Abex") asbestos containing brakes while she was a child. Ms. Dullinger was diagnosed with mesthothiloma in October 2013 at the age of 30.

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Ct. Dec. 30, 2013); *see also Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

Plaintiffs allege that Ms. Dullinger was exposed to Abex's product as a child between 1982 and 1986 while present at her grandfather's automotive garage. Plaintiffs offered Tammy Allen, Ms. Dullinger's mother as a product identification witness. Ms. Allen stated that she worked on vehicles in the garage between 1982 and 1986, and Ms. Dullinger was present. On occasion, Ms. Allen's father (Ms. Dullinger's grandfather) babysat Ms. Dullinger in his garage. Ms. Allen stated that her father performed brake work on vehicles in the garage while Ms. Dullinger was present. Ms. Allen claims "Apex" brakes were one of the "top three" brakes used at Froggy's, her father's garage.

Ms. Allen could not recall specifically where the "Apex" brakes were purchased from because where she purchased the brakes depended on where she was traveling from. She believed the "Apex" brakes were fully assembled brake shoes and the box said the brakes contained asbestos. Ms. Allen stated that Ms. Dullinger was present when she scuffed brakes between 1982 and 1986 because Ms. Allen "put on Apex shoes before, and [Ms. Dullinger] was in the garage" during this process, and Ms. Dullinger was in the garage about 20 to 30 times with Ms. Allen. Further, they kept the garage doors \closed for seven to eight months of the year. Ms. Allen believes that the process of air blowing brake dust contributed to Ms. Dullinger's exposure. She claims that the dust in the garage was so thick that it created a "fog." Ms. Allen stated that the brake dust would stick on her

clothes and on her daughter. Ms. Allen stated that the dust would be on her father's clothes after working in the garage, and her father sat on the couch in his dusty work clothes.

New Hampshire substantive law applies to the present action. Defendant argues that under New Hampshire law, the substantial factor test applies, and Plaintiffs are unable to show that Defendant's actions were a "substantial factor in bringing about the harm."[2] The core of Defendant's argument is that Plaintiff lacks product identification evidence because the product identification witness, Ms. Allen, identified the brakes as "Apex" and not "Abex." Defendant also argues that Abex never manufactured fully assembled passenger vehicle brake shoes like Ms. Allen identified. Attached to Defendant's Motion for Summary Judgment is Exhibit A, a transcript from a 2014 Abex trial of Albert Indelicato's testimony. Defendant uses this transcript to show that Abex sold brake linings, which would have to be assembled to a steel shoe. Defendant claims that this transcript contradicts Ms. Allen's deposition testimony stating that she believes Apex brakes were fully-assembled brake shoes.

Defendant's footnote in its Reply Brief states: During her-redirect of Ms. Allen, Plaintiff's counsel used the word "Abex." At no point did Ms. Allen ever use the word "Abex," and this product identification is insufficient. Even if this

---

[2] *See Trull v. Volkswagen of America, Inc.*, 761 A.2d 477, 482 (N.H. 2000).

Court determines that "Apex" was sufficient product identification, viewing the evidence in a light most favorable to Plaintiffs, the Court finds that there are no genuine issues of material fact. Defendant's offered testimony from a 2014 Abex trial stating that Abex sold brake linings, and not fully manufactured brakes. The brake linings went to an assembler, who attached the brake linings to a brake shoe. These fully assembled brakes were sold by other companies, and as it appears from the transcript, these companies were not allowed to use the word "Abex" on their packaging. Plaintiffs did not provide any evidence to rebut this assertion, apart from Ms. Allen's testimony that she believed Abex brakes were fully-assembled brake shoes. Summary Judgment is therefore appropriate.

Accordingly, Defendant Abex's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**